UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOUISE BENTFORD,

        Plaintiff,      **SUPPLEMENTAL**
                  **COMPLAINT**
  - against -

METROPOLITAN JEWISH HEALTH SYSTEMS,  06 CV 5014 (AKH)

        Defendant.
------------------------------------------------------------------x

   Plaintiff LOUISE BENTFORD ("BENTFORD"), by her attorneys, McCormick Dunne & Foley, as and for a supplemental complaint against the above-captioned defendant, alleges as follows:

## JURISDICTION AND VENUE

   1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

   2.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

   3.  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject breach took place in the Southern District of New York.

## PARTIES

   4.  At all times hereinafter mentioned, BENTFORD was and is a natural person, and a resident of 1171 Morrison Avenue, Apt. 3C, Bronx, New York.

   5.  Upon information and belief, at all times hereinafter mentioned, defendant METROPOLITAN JEWISH HEALTH SYSTEMS ("MJHS") was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. §

1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. § 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, MJHS is also the "plan administrator" of the plan, as defined by 29 U.S.C. § 1002(16)(A).

## BACKGROUND

7. In or about July 2004, while she was enrolled in and covered by the plan, BENTFORD began to exhibit cognitive deficits and problems with her lumbar spine.

8. Thereafter, BENTFORD timely submitted a claim for long term disability benefits under the plan.

9. By letter dated September 15, 2005, BENTFORD was advised that her claim for disability benefits was being denied on the basis of the plan's "pre-existing condition" exclusion.

10. On March 10, 2006, BENTFORD timely filed an administrative appeal.

11. BENTFORD's appeal was not decided within the time frame established by the applicable provisions of the Code of Federal Regulations, as a result of which it was denied by operation of law.

12. On June 29, 2006, BENTFORD filed suit in this Court, and on September 22, 2006, briefing on two competing motions for judgment on the pleadings commenced.

13. At oral argument on the motions on January 4, 2007, pointing out that evidence of a relationship between BENTFORD's pre-existing hypertension and

her cognitive deficits was lacking, this Court vacated the subject benefit denial and remanded BENTFORD's claim.

## AS AND FOR A FIRST CAUSE OF ACTION

14.  BENTFORD repeats and reiterates paragraphs "1" through "13," as if fully set forth at length herein.

15.  On or about May 22, 2007, the plan's claims administrator, First Unum Life Insurance Company ("First Unum"), decided that, contrary to the position to which it had steadfastly adhered until then, BENTFORD did <u>not</u> suffer a stroke in July 2004.

16.  Rather, First Unum concluded, BENTFORD's disabling cognitive deficits are actually the result of depression.

17.  Accordingly, and since BENTFORD had not treated for depression during the "look back" period, First Unum approved, and subsequently tendered payment for, benefits from January 15, 2005 to January 14, 2007.

18.  As respects BENTFORD's cognitive deficits, First Unum refused to pay benefits beyond January 14, 2007 on the basis of the plan's "mental illness" limitation, which (in the case of disabilities due to mental illness) limits benefits to twenty-four (24) months.

19.  Additionally, First Unum took the position that to the extent that BENTFORD's cognitive deficits are traceable to a physical condition (as opposed to a mental illness), it is nevertheless justified in refusing to pay benefits beyond January 14, 2007 in light of the plan's pre-existing condition exclusion.

20. As respect's BENTFORD's back problems, First Unum refused to pay benefits beyond January 14, 2007 on the basis of the aforementioned pre-existing condition exclusion.

21. The decision to deny BENTFORD additional benefits on the basis of the "mental illness" limitation was is and is erroneous and in violation of BENTFORD's rights under ERISA.

22. The decision to deny BENTFORD additional benefits on the basis of the pre-existing condition exclusion was is and is erroneous and in violation of BENTFORD's rights under ERISA.

23. Accordingly, defendant is liable to BENTFORD for the sum of all long term disability benefits wrongfully withheld from her to date, together with prejudgment interest from January 14, 2007.

24. Additionally, BENTFORD is entitled to be put "on claim" on a going-forward basis.

25. Lastly, BENTFORD is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** BENTFORD demands judgment:

(i) awarding her the sum of all long term disability benefits wrongfully withheld from her, together with prejudgment interest;

(ii) declaring that she is entitled to be put "on claim" on a going-forward basis;

(iii) awarding her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By:    s/ _____
       Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 1030
New York, New York  10006
(212) 363-1300